MORIAL, Judge.
Plaintiff, Earl A. Dimitry, was awarded $359.62 for damage to his Alfa Romeo automobile. The left rear of plaintiffs parked auto was struck by a vehicle operated by defendant’s minor son, Lee Bressler, Jr., on January 3, 1975.
Defendants admitted liability for the damages to the rear of plaintiffs vehicle, but appeal from that part of the judgment awarding plaintiff $186.53 for damages to the front bumper and gravel plate of his auto. We affirm.
Plaintiffs car was parked on Maple Street at the corner of Short Street in New Orleans. Plaintiff testified he had parked four to six inches behind a foreign car after returning from lunch that day.
Defendant’s son, Lee Bressler, Jr., was operating a 1975 Buick owned by his father Stanley M. Bressler and insured by The Travelers Insurance Companies. The Bres-sler vehicle, carrying three classmates of Lee Bressler, stopped for a stop sign on Short Street and then proceeded to turn left onto Maple Street. As Bressler turned the corner, his vehicle hit the left rear of plaintiff’s' Alfa Romeo, a small foreign ear. Bressler circled the block, parked and surveyed the damages. Bressler and his passengers noted that damage had been done to the left rear bumper, but after inspecting the front of the plaintiff’s vehicle and the back of a green Porsche parked in front of plaintiff’s vehicle, concluded that there had been no further damage. Bressler left a note with his name and telephone number taking responsibility for the rear end damage. Plaintiff, upon receiving the note from a co-employee went out and surveyed the damage to the rear end only. Plaintiff called Mr. Bressler, Lee’s father who advised him to get an estimate on the damage. Plaintiff took the car to the Auto Paint and Repair Shop that afternoon and was told of additional damage to the front bumper and gravel plate. That evening, plaintiff brought the car over to defendant’s home and pointed out certain previously sustained damages as well as the damage which he alleged resulted from his car being struck by the Bressler vehicle.
The Travelers Insurance Companies sent plaintiff a check for the damage to the rear of his car. Plaintiff refused it claiming the amount of the check was insufficient to cover all the damages he had sustained.
The trial judge concluded that the plaintiff presented sufficient evidence to establish a causal connection between the damaged front end of his car and the January 3, 1975 accident. In oral reasons the trial judge commented on the honesty and integrity of plaintiff. He obviously believed plaintiff’s testimony in which he denied the preexistence of the front end damage. We are bound to attribute great weight to the credibility evaluations and factual findings of the trial judge. See Canter v. Koehring Co., La., 283 So.2d 716 (1973).
In the tort case, a plaintiff must prove by a preponderance of the evidence both the negligence of the defendant and the damages caused by the latter’s fault, but proof need only be by a preponderance of the evidence, not by some artificially created greater standard. This burden of proof may be met by either direct or circumstantial evidence. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). We are dealing in this case with circumstantial evidence. Direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not. Jordan v. Travelers Insurance Co., supra.
Reviewing the testimony, we conclude that plaintiff takes very good care of his *360 automobile and keeps it in good condition making frequent repairs. We find no evidence which leads us to believe that the front end damage alleged by plaintiff as having been caused by Bressler’s negligence preexisted the accident.
Plaintiff had parked his car four to six inches behind another foreign car on the day of the accident. There was testimony by one of the passengers in the Bressler car that, upon impact, plaintiff’s car rolled and moved the car in front of it, supporting a conclusion that there was some contact between the two vehicles.
Taking the evidence as a whole we conclude that it is more probable than not, that defendant caused the damage to the front end of plaintiff’s automobile.
For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.